**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

| | | |
|---|---|---|
| **LAETITIA GIRAUD-GEORGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **0:19-cv-62632** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **COMCAST BUSINESS COMMUNICATIONS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, LAETITIA GERAUD-GEORGES, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, COMCAST BUSINESS COMMUNICATIONS, LLC, Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.  JURISDICTION & VENUE

2.      Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.      LAETITIA GERAUD-GEORGES, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ft. Lauderdale, County of Broward, State of Florida.

5.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6.      COMCAST   BUSINESS   COMMUNICATIONS,   LLC,   (hereinafter, "Defendant") is a business entity engaged in the sales of telecommunication services within the State of Florida.  Defendant's principal place of business is located in the State of Pennsylvania. Defendant is incorporated in the State of Florida.

7.      At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

## IV.   ALLEGATIONS

8.      Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

9.      At no time on or prior to August 28, 2019 did Plaintiff have a personal credit account with Defendant.

10.     At no time on or prior to August 28, 2019 did Plaintiff owe a debt to Defendant.

11.     At no time on or prior to August 28, 2019 did Plaintiff have a personal business relationship with Defendant.

12.     Given the facts delineated above, prior to August 28, 2019, Defendant had no information in its possession to suggest that Plaintiff owed a debt to Defendant.

13.     Given the facts delineated above, prior to August 28, 2019, had no information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

14.     On or about August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from the "consumer reporting agency" (Equifax), as that term is defined by 15 U.S.C. §1681a(f).

15.     At no time on or prior to August 28, 2019 did Plaintiff consent to Defendant accessing her individual and personal credit report.

16.     On or about August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

17.     On or about August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

18.     On or about August 28, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

19.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

20.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

21.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

22.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

23.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

24.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

25.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff.

26.     On or about August 28, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was published to Defendant.

27.     Defendant's access of Plaintiff's credit report will continue to be displayed on Plaintiff's credit report for two (2) years subsequent to August 28, 2019.

28.     Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

29.     As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of her personal information and her credit information and an injury to her credit rating and reputation.  Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.     <u>JURY DEMAND</u>

30.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, LAETITIA GERAUD-GEORGES, by and through her

attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against

Defendant as follows:

  a.     All actual compensatory damages suffered;

  b.     Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

  c.     Punitive damages;

  d.     Plaintiff's attorneys' fees and costs; and,

  e.     Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**LAETITIA GERAUD-GEORGES**

By:  __s/ David M. Marco_____
Attorney for Plaintiff

<u>Dated: October 22, 2019</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com